Case 1:11-mc-00593-BMC   Document 1   Filed 08/12/11   Page 1 of 6 PageID #: 1

*Admitted 10/10/02*

At a Term of the Appellate Division of the Supreme
Court held in and for the First Judicial Department in
the County of New York on July 28, 2011.

Present - Hon. Luis A. Gonzalez,           Presiding Justice,
              Helen E. Freedman
              Rosalyn H. Richter
              Sallie Manzanet-Daniels
              Nelson S. Román,                  Justices.

-----------------------------------------x

In the Matter of Patrick J. Maruggi
(admitted as Patrick James Maruggi),
an attorney and counselor-at-law:

    Departmental Disciplinary Committee,      M-2084
    for the First Judicial Department,
            Petitioner,

    Patrick J. Maruggi
    (OCA Atty. Reg. No. 2983534),
            Respondent.

-----------------------------------------x

    The Departmental Disciplinary Committee for the First
Judicial Department, by Jorge Dopico, its Chief Counsel
(Kevin P. Culley, of counsel), having moved this Court on
May 23, 2011, for an order pursuant to 22 NYCRR 603.4(e)(1)(i),
immediately suspending respondent (who, as Patrick James Maruggi,
was admitted to practice as an attorney and counselor-at-law in
the State of New York at a Term of the Appellate Division of the
Supreme Court for the First Judicial Department on June 14, 1999)
from the practice of law in the State of New York, based upon his
failure to cooperate with the Committee and other uncontested
evidence of professional misconduct immediately threatening the
public interest,

    And respondent having failed to appear herein and having
failed to interpose a response to the motion,

    Now, upon reading and filing the papers with respect to the
motion, and due deliberation having been had thereon, and upon
the Opinion Per Curiam filed herein, it is unanimously,

(M-2084) -2- July 28, 2011

Ordered that the motion is granted and respondent is suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court, and it is further,

Ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another; that respondent is forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; that respondent is forbidden to give another an opinion as to the law or its application or advice in relation thereto, all effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Respondent is directed to fully comply with the provisions of Title 22, Section 603.13, of the Rules of this Court, a copy of which is annexed hereto and made a part hereof.

ENTER:

Clerk

APPELLATE DIVISION SUPREME COURT FIRST DEPARTMENT
STATE OF NEW YORK

I, SUSANNA ROJAS, Clerk of the Appellate Division of the Supreme Court First Judicial Department, do hereby certify that I have compared this copy with the original thereof filed in said office on 07/28/2011 and that the same is a correct transcript thereof, and of the whole of said original.
IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of this Court on 07/28/2011.

CLERK

SUPREME COURT, APPELLATE DIVISION
FIRST JUDICIAL DEPARTMENT

JUL 28 2011

        Luis A. Gonzalez,     Presiding Justice,
        Helen E. Freedman
        Rosalyn H. Richter
        Sallie Manzanet-Daniels
        Nelson S. Román,      Justices.

---------------------------------------x

In the Matter of Patrick J. Maruggi
(admitted as Patrick James Maruggi),
an attorney and counselor-at-law:

   Departmental Disciplinary Committee         M-2084
   for the First Judicial Department,
         Petitioner,

   Patrick J. Maruggi,
         Respondent.

---------------------------------------x

Disciplinary proceedings instituted by the Departmental
    Disciplinary Committee for the First Judicial Department.
    Respondent, Patrick J. Maruggi, was admitted to the Bar of
    the State of New York at a Term of the Appellate Division
    of the Supreme Court for the First Judicial Department on
    June 14, 1999.

    Jorge Dopico, Chief Counsel, Departmental
    Disciplinary Committee, New York
    (Kevin P. Culley, of counsel), for petitioner.

    No appearance for respondent.

M-2084

May 23, 2011

<u>IN THE MATTER OF PATRICK MARUGGI, AN ATTORNEY</u>

**PER CURIAM**

Respondent Patrick Maruggi was admitted to the practice of law in the State of New York by the First Judicial Department on June 14, 1999, as Patrick James Maruggi. At all times relevant to this proceeding, respondent maintained his principal place of business within the First Judicial Department.

Respondent was in the business of originating mortgage loans to real estate investors for the purchase and rehabilitation of distressed properties in and around Philadelphia. In July 2009, one of the investors filed a complaint with the Departmental Disciplinary Committee alleging that respondent had misused and converted escrow funds for his personal use. The Committee subsequently sought a written answer from respondent, as well as his escrow and trust account records. However, in an untimely written response, respondent denied acting as the complainant's attorney and failed to address the allegations. The Committee continued to request bookkeeping information and written explanations with respect to certain transactions, yet respondent did not provide this information or contact the Committee. Respondent also failed to comply with a subpoena duces tecum and a letter directing him to appear for an examination under oath.

2

In July 2010, another investor filed a complaint with the Committee alleging that respondent had converted and misappropriated proceeds from a sale of one of the investment properties. The Committee served respondent with another subpoena, covering both complaints, and ordered the production of documents pertaining to both client matters, his bookkeeping records pertaining to his escrow account, and his appearance for a deposition. Respondent filed an untimely answer denying all allegations of conversion and misappropriation. He failed to appear for his deposition or otherwise comply with the subpoena. The Committee continued to contact respondent directing him to appear and provide the requested documents. Respondent was informed that in the event he continued to fail to comply, it would most likely result in his interim suspension.

The Departmental Disciplinary Committee now seeks an order suspending respondent pursuant to 22 NYCRR 603.4(e)(1). Suspension under 22 NYCRR 603.4(e)(1) is appropriate because respondent has failed to cooperate and communicate with the Committee, despite being given every opportunity and accommodation to do so. Moreover, respondent has failed to appear for an examination under oath, and has not produced relevant files, documents and bookkeeping records as directed by two separate subpoenas. Such conduct constitutes willful noncompliance with a Committee investigation, warranting

3

immediate suspension under 22 NYCRR 603.4(e)(1)(i) (see *Matter of Bautista*, 78 AD3d 75 [2010]; *Matter of Holubar*, 73 AD3d 214 [2010]; *Matter of Burke*, 54 AD3d 70 [2008]).

Accordingly, the motion is granted, and respondent is suspended from the practice of law pursuant to 22 NYCRR 603.4(e)(1), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

All concur.

Order filed.

4